IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:16-CV-141-FL

| | |
|---|---|
| BRENNA M. SATTERWHITE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **MEMORANDUM AND** |
| ) | **RECOMMENDATION** |
| ALL STARZ CHILDREN'S ACADEMY, ) | |
| INC. and ALL STARZ CARY, INC., ) | |
| ) | |
| Defendants. ) | |

This employment discrimination action comes before the court, in part, on the separate motions by defendants All Starz Children's Academy, Inc. ("All Starz Children's") (D.E. 19) and All Starz Cary, Inc. ("All Starz Cary") (D.E. 21) (collectively, "defendants" or "All Starz") to dismiss the complaint of plaintiff Brenna M. Satterwhite ("plaintiff") for failure to state a claim upon which relief can be granted, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. All Starz Cary includes with its Rule 12(b)(6) motion a motion to dismiss for lack of subject matter jurisdiction, pursuant Rule 12(b)(1), that is also before the court. Plaintiff opposes the motions to dismiss and has filed a conditional motion (D.E. 26) for leave to amend her complaint. The various motions were referred to the undersigned magistrate judge for issuance of a memorandum and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) (*see* Public D.E. dated 20 July 2016) and are ripe for adjudication.[1] For the reasons set forth below, it will be recommended that defendants' motions to dismiss be denied and plaintiff's conditional motion to amend be denied as moot.

---

[1] All Starz Children's and All Starz Cary each filed a memorandum (D.E. 20 and 22, respectively) in support of its dismissal motion(s); plaintiff filed a single memorandum (D.E. 25) in opposition to the dismissal motions; and defendants filed a reply (D.E. 29). Plaintiff filed a memorandum (D.E. 27) in support of her conditional motion to amend, and defendants a memorandum (D.E. 30) in opposition.

## BACKGROUND

In her complaint (D.E. 4-1 at pp. 6-14),[2] filed 26 February 2016 in Wake County (North Carolina) Superior Court, plaintiff alleges as follows:

On 21 April 2015, plaintiff applied for a position as an assistant teacher at All Starz. Compl. 7 ¶ 5. She was approximately five months pregnant. *Id.* at 7 ¶ 9. Joe Kugler, the owner of All Starz, hired plaintiff for the assistant teacher position on 5 May 2015. *Id.* at 7 ¶ 6.

Plaintiff began working as an assistant teacher on 27 May 2015 in a classroom with another teacher, Ms. Brooke, and a floater, Alexa. *Id.* at 7 ¶ 7. At the end of the day, Katie, the Director of All Starz, told plaintiff that everyone liked her and offered to assign her to Ms. Brooke's classroom, which plaintiff accepted. *Id.* at 7 ¶ 8.

On her second day of work, 28 May 2015, Ms. Brooke asked plaintiff if she was pregnant and plaintiff confirmed that she was. *Id.* at 7 ¶ 9. Plaintiff, then approximately six months pregnant, was showing outward signs of pregnancy. *Id.* at 7-8 ¶ 9.

The following day, 29 May 2015 (a Friday), Katie told plaintiff that there was no position available for her, but advised her to call back the following week to see if circumstances had changed. *Id.* at 8 ¶ 12. Joe Kugler had made the decision to terminate plaintiff at the urging of Ms. Brooke. *Id.* at 8 ¶ 15. When plaintiff called the following week, on 2 June 2015, Katie again told plaintiff that no position was available and offered to reimburse her for the nonreimburseable expenses she had incurred in the hiring process. *Id.* at 8 ¶ 14.

Despite telling plaintiff there were no open positions, All Starz had posted job openings on 26 May 2015 and 28 May 2015 and continued to do so after 29 May 2015 from 11 June

---

[2] Page citations to the complaint are to the page numbers assigned by the court's electronic file management system, CM/ECF.

2015 to 22 June 2015. *Id.* at 8-9 ¶ 16. A person who was not pregnant was hired for the position plaintiff had. *Id.* at 11 ¶ 30. Defendants' action against plaintiff was done with malice or reckless indifference to her federally protected rights. *Id.* at 10 ¶ 20.

Plaintiff alleges that she was terminated from All Starz on 29 May 2015 because of her pregnancy, or alternatively, that the actions taken against her amounted to a constructive discharge. *Id.* at 8 ¶ 15; 9 ¶ 17. She asserts a claim for sex and pregnancy discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* (Title VII"). *Id.* at 10-11 ¶¶ 22 –34. Attached to her complaint are copies of a charge filed by her with the Equal Employment Opportunity Commission ("EEOC") naming only All Starz Children's, dated 21 June 2015 (*id.* at 13), and a "right-to-sue" letter from the EEOC, dated 10 December 2015 (*id.* at 14). Plaintiff seeks declaratory relief, back pay, other compensatory damages, punitive damages, attorneys' fees, and other relief. *Id.* at 11-12, prayer for relief ¶¶ 1-8.

Defendants removed the case to this court on 1 April 2016. *See* Notice of Removal (D.E. 4). They filed their dismissal motions on 6 May 2016. Defendants seek dismissal pursuant to Rule 12(b)(6) of not only plaintiff's Title VII claim itself but, alternatively, dismissal of her demands for punitive damages and emotional distress damages. In its motion under Rule 12(b)(1), All Starz Cary challenges subject matter jurisdiction on the grounds of failure by plaintiff to exhaust her administrative remedies before the EEOC.

Plaintiff filed her conditional motion for amendment under Rule 15(a) on 17 June 2016, contemporaneously with her response to defendants' motions. It seeks leave to file the proposed amended complaint (D.E. 26-2) submitted with the motion in the event the court finds the dismissal motions on plaintiff's claim meritorious.

3

# ALL STARZ CARY'S CHALLENGE TO SUBJECT MATTER JURISDICTION UNDER RULE 12(b)(1)

## I. APPLICABLE LEGAL PRINCIPLES

### A. Rule 12(b)(1) Standard of Review

Rule 12(b)(1) provides for dismissal of an action if the court lacks subject matter jurisdiction over it. Fed. R. Civ. P. 12(b)(1). The plaintiff bears the burden of showing federal jurisdiction. *Richmond, Fredericksburg & Potomac R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991); *West v. J.O. Stevenson*, 164 F. Supp. 3d 751, 760 (E.D.N.C. 2016). A motion brought pursuant to this rule may contend either that the complaint fails to allege facts supporting a finding of subject matter jurisdiction or that the facts needed to establish jurisdiction do not exist. *West*, 164 F. Supp. 3d at 760. In the first instance, the facts in the complaint "'are assumed true, and the motion must be denied if the complaint alleges sufficient facts to invoke subject matter jurisdiction.'" *Id.* (quoting *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009)). In the second instance, "the district court is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Richmond, Fredericksburg & Potomac R. Co.*, 945 F.2d at 768; *see also Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999) (nonconversion of motion).

### B. Exhaustion of Administrative Remedies under Title VII

To bring a federal suit under Title VII, a plaintiff must first exhaust the administrative procedures set forth in 42 U.S.C. § 2000e-5(b). *See Davis v. N.C. Dep't of Corr.*, 48 F.3d 134, 137 (4th Cir. 1995). A plaintiff's failure to allege facts showing that the administrative prerequisites have been met or to attach an EEOC right-to-sue letter to the complaint subjects it to dismissal for lack of subject matter jurisdiction. *See id.* at 137-38, 140 ("We have long held

that receipt of, or at least entitlement to, a right-to-sue letter is a jurisdictional prerequisite that must be alleged in a plaintiff's complaint.").

"Under Title VII . . . , a civil action may be brought only 'against the respondent named in the [EEOC] charge.'" *Causey v. Balog*, 162 F.3d 795, 800 (4th Cir. 1998) (quoting 42 U.S.C. § 2000e-5(f)(1)); *Leuenberger v. Spicer*, No. 5:15-CV-00036, 2016 WL 355090, at *5 (W.D. Va. 28 Jan. 2016) ("[A] court usually has jurisdiction over only those claims made against parties named in the charge."). "The naming requirement serves two purposes, and is not a mere technicality: 'First, it notifies the charged party of the asserted violation. Secondly, it brings the charged party before the EEOC and permits effectuation of the [Civil Rights] Act's primary goal, the securing of voluntary compliance with the law.'" *Alvarado v. Bd of Trs. of Montgomery Cmty. Coll.*, 848 F.2d 457, 458-59 (4th Cir. 1988) (quoting *Bowe v. Colgate-Palmolive Co.*, 416 F.2d 711, 719 (7th Cir. 1969)).

However, courts have also recognized that "Title VII does not require procedural exactness from lay complainants." *Id.* at 460 ("EEOC charges must be construed with utmost liberality since they are made by those unschooled in the technicalities of formal pleading."); *Ross v. Franklin Cty. Dep't of Soc. Servs.*, 186 F. Supp. 3d 526, 530–31 (W.D. Va. 2016) ("[B]ecause a charge of discrimination is generally completed by a lay person, 'courts routinely construe this naming requirement liberally.'" (quoting *Kouri v. Todd*, 743 F. Supp. 448, 451 (E.D. Va. 1990)); *Glover v. Univ. Vill. at Salisbury, LLC*, Civ. No. JKB-14-1801, 2015 WL 854834, at *2 (D. Md. 25 Feb. 2015) ("[T]he naming requirement 'is not applied in a hyper-technical fashion.'" (quoting *Kronk v. Carroll Cnty., Md.*, Civ. No. L–11–277, 2012 WL 245059, at *5 (D. Md. 25 Jan. 2012)).

After noting that the goals of the naming requirement had not been thwarted, the Fourth Circuit in *Alvarado* held that the plaintiff's Title VII suit could proceed against the board of trustees of the college where he worked, the suable entity under state law, even though he had named the college itself as his employer in his EEOC charge. 848 F.2d at 460. The court concluded that "the board of trustees is identical with the college," *id.* at 461, and that "[i]t is not reasonable to have expected [plaintiff] to know that Maryland statutes provide that the board of trustees of the college is the appropriate entity to 'sue and be sued,'" *id.* at 460.

In addition, courts have applied the so-called "substantial identity exception" to the naming requirement when a defendant in a Title VII suit not named in the EEOC charge is substantially identical—not necessarily actually identical as in *Alvarado*—to an entity that is named. *See, e.g., Fontell v. MCGEO UFCW Local 1994*, No. AW-09-2526, 2010 WL 3086498, at *5 (D. Md. 6 Aug. 2010). Under this exception, courts consider four factors:

(1) Whether the role of the unnamed party could through reasonable effort by the complainant be ascertained at the time of the filing of the EEOC complaint;

(2) Whether, under the circumstances, the interests of the named party are so similar to the unnamed party's that for the purposes of obtaining voluntary conciliation and compliance it would be unnecessary to include the unnamed party in the EEOC proceedings;

(3) Whether its absence from the EEOC proceedings resulted in actual prejudice to the interests of the unnamed party; and

(4) Whether the unnamed party had in some way represented to the complainant that its relationship with the complainant is to be through the named party.

*Fontell*, 2010 WL 3086498, at *5 (quoting *McAdoo v. Toll*, 591 F. Supp. 1399, 1403 (D. Md. 1984); *see also Glover,* 2015 WL 854834, at *2 ("Consequently, if the purposes of the naming requirement are met—that is, if (1) the defendant contesting jurisdiction had fair notice of the

6

EEOC charge and if (2) the EEOC had the opportunity to mediate the controversy—then a failure to name a specific defendant may be excused."). The second and third factors have been held the most important because they are most reflective of the two-fold purpose of the naming requirement, again, providing notice to the unnamed party and an opportunity for voluntary conciliation and compliance. *Fontell*, 2010 WL 3086498, at *5. When allegations in a complaint suggest but do not definitively establish applicability of the substantial identity exception, courts have denied dismissal motions without prejudice to a subsequent challenge after further development of the record on the issue. *See Alexander v. Diversified Ace Servs. II, AJV,* No. 1:11CV725, 2014 WL 502496, at *11 (M.D.N.C. 7 Feb. 2014) ("However, if after discovery the evidence shows that the substantial identity exception to the naming requirement should not apply to any of these Defendants, then this claim would be subject to dismissal against those Defendants."); *Grant v. I.N.I. Corp.*, No. 4:11-CV-1499-RBH-TER, 2012 WL 486881, at *3 (D.S.C. 26 Jan. 2012) ("Based upon the record presented thus far, there is insufficient evidence to allow the court to consider the 'substantial identity' factors. Thus, [defendant's] Motion to Dismiss as to this issue should be denied at this time with leave to refile once discovery is complete."), *rep. & recomm. adopted*, 2012 WL 486732 (14 Feb. 2012); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

## II. ANALYSIS

As noted, the EEOC charge brought by plaintiff expressly names only All Starz Children's. All Starz Cary contends that because the EEOC charge does not expressly name it, plaintiff has not exhausted her administrative remedies as to it, and the court therefore does not have subject matter jurisdiction over her Title VII claim against it.

7

As part of its contention, All Starz Cary argues that it and All Starz Children's are separate entities and that they each have their own full-time directors and staff. But neither defendant has submitted any evidence of these facts. The court therefore concludes that All Starz Cary's motion challenges only the sufficiency of the allegations made by plaintiff in her complaint and does not attack the existence of jurisdiction based upon facts outside of the complaint. *See Adjabeng v. GlaxoSmithKline, LLC*, No. 1:12-CV-568, 2014 WL 459851, at *3 (M.D.N.C. 5 Feb. 2014) (collecting cases holding that counsel's unsworn statements in briefs are not evidence).

Accordingly, for purposes of All Starz Cary's Rule 12(b)(1) motion, the court will deem the well-pleaded allegations of the complaint to be true and construe them in plaintiff's favor. The motion is therefore subject to denial if the complaint alleges sufficient facts to invoke subject matter jurisdiction. More particularly, the question presented is whether the allegations in the complaint show that the substantial identity exception should be applied to All Starz Cary. Analysis of the complaint under the four-factor test for the exception shows that it should be applied and subject matter jurisdiction found to exist.

The first factor weighs in favor of application of the exception. Plaintiff alleges that All Starz Cary and All Starz Children's "operate as an integrated enterprise among one another" and that they "are commonly known to employees and customers as All Starz Children's Academy." Compl. 7 ¶ 3. The implication is that All Starz Cary and All Starz Children's together held themselves out not as separate entities, but as one organization under the name All Starz Children's Academy. The allegations substantiate that plaintiff did not know and, as a layperson, could not have ascertained through reasonable effort the relationship between All Starz Cary and All Starz Children's.

The second factor also weighs in favor of jurisdiction. Plaintiff alleges that defendants "are under common ownership," "share control of each other's employees," and, again, "operate as an integrated enterprise among one another." *Id.* These allegations show that the interests of All Starz Cary are so similar to those of All Starz Children's that it would be unnecessary to include All Starz Cary in the EEOC proceeding to obtain voluntary conciliation and compliance.

For the same reason, the complaint does not show any prejudice to All Starz Cary resulting from its absence from the EEOC proceeding. The third factor therefore also weighs in favor of application of the substantial identity exception.

The fourth factor does as well. As noted, the allegation that All Starz Cary and All Starz Children's are "commonly known to employees and customers as All Starz Children's Academy" implies that they held themselves out to employees as a single organization operating as All Starz Children's Academy. *Id.* By doing so, All Starz Cary was effectively representing to plaintiff and other employees that its relationship with plaintiff and the other employees was to be through All Starz Children's.

The court therefore finds that the substantial identity exception applies. Not only do the allegations support application of the exception, but they also show that the two-fold purpose of the naming requirement was met—providing notice to All Starz Cary of plaintiff's EEOC complaint and the opportunity for All Starz Cary's voluntary conciliation and compliance. All Starz Cary's motion under Rule 12(b)(1) should therefore be denied. Such denial is, of course, without prejudice to a subsequent challenge to subject matter jurisdiction. *See, e.g.*, Fed. R. Civ. P. 12(h)(3).

9

Even if the complaint were deemed not to establish the applicability of the substantial identity exception, it certainly substantiates its applicability to the point that dismissal would be inappropriate pending further development of the record. All Starz Cary's motion under Rule 12(b)(1) is therefore also subject to dismissal on this alternative ground. *See Keener v. Universal Companies, Inc.*, 128 F. Supp. 3d 902, 917 (M.D.N.C. 2015) ("Accordingly, this court will deny Defendants' motion based on lack of subject matter jurisdiction. However, if after discovery the evidence shows that UFPI and UFP Eastern did not have notice or were not substantially identical to UFP Salisbury, then this claim would be subject to dismissal against those Defendants."); *Tietgen v. Brown's Westminster Motors, Inc.*, 921 F. Supp. 1495, 1498–99 (E.D. Va. 1996) (denying motion to dismiss where plaintiff "alleged facts in the complaint that suggest the dealerships are under common control, including specifically that the same persons exercised control over employment decisions at both dealerships. Given these allegations, defendants' attack on this ground cannot succeed at this stage of the case. Of course, it is unclear whether [plaintiff's] proof will ultimately establish the requisite functional or substantial identity of the two dealerships, a matter defendants may later test by way of motions pursuant to Rules 50 or 56, Fed. R. Civ. P."); *see also Arroyo-Ruiz v. Triple-S Mgmt. Grp.*, No. CV 15-1741 (FAB), 2016 WL 4734351, at *4 (D.P.R. 12 Sept. 2016) ("[P]laintiff contends that defendants' operations are so 'intertwined' that they 'act as a single employer.' Plaintiff further asserts that defendants 'have interlocking directorates and are serving the same upper management level.' These allegations—which the Court must accept as true for purposes of a motion to dismiss—are sufficient to support a plausible claim that defendants' corporate operations are so closely related in their activities and management that a 'substantial identity' exists among them." (internal citations omitted)).

# DEFENDANTS' CHALLENGES BASED ON FAILURE TO STATE A CLAIM UNDER RULE 12(b)(6)

## I. APPLICABLE LEGAL PRINCIPLES

### A. Standard of Review under Rule 12(b)(6)

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of claims for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A motion to dismiss pursuant to Rule 12(b)(6) should be granted only if "it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief." *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999). Ordinarily, the complaint need contain simply "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). However, a complaint is insufficient if it offers merely "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertion[s]" devoid of "further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007) (internal quotation marks omitted)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). A claim is facially plausible if the plaintiff alleges factual content "that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged" and shows more than "a sheer possibility that a defendant has acted unlawfully." *Id.*; *SD3, LLC v. Black & Decker (U.S.) Inc.*, 801 F.3d 412, 425 (4th Cir. 2015) ("[I]t is not our task at the motion-to-dismiss stage to determine 'whether a lawful alternative explanation appear[s] more likely' from the facts of the complaint." (quoting *Houck v. Substitute Tr. Servs., Inc.*, 791 F.3d 473, 484 (4th Cir. 2015))), *cert. denied*, 136 S. Ct. 2485 (2016).

11

In analyzing a Rule 12(b)(6) motion, a court must accept as true all well-pleaded allegations of the challenged complaint and view those allegations in the light most favorable to the plaintiff. *Venkatraman v. REI Sys., Inc.*, 417 F.3d 418, 420 (4th Cir. 2005) (citing *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993)); *see also Lambeth v. Bd. of Comm'rs*, 407 F.3d 266, 268 (4th Cir. 2005) (court must accept as true all factual allegations of the complaint). All reasonable factual inferences from the allegations must be drawn in plaintiff's favor. *Edwards*, 178 F.3d at 244. However, bare assertions of legal conclusions or formulaic recitations of the elements of a claim are not entitled to be assumed true. *Iqbal*, 556 U.S. at 681.

### B. Pleading Standards for Title VII Claims

Title VII makes it an "unlawful employment practice for an employer . . . to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). The Pregnancy Discrimination Act, an amendment to Title VII, provides that the terms "because of sex" or "on the basis of sex" as used in Title VII include "women affected by pregnancy, childbirth, or related medical conditions" who "shall be treated the same for all employment-related purposes . . . as other persons not so affected but similar in their ability or inability to work." 42 U.S.C. § 2000e(k). Claims under Title VII arising from a plaintiff's pregnancy are analyzed the same as sex discrimination claims. *U.S. Equal Emp't Opportunity Comm'n v. Dimensions Healthcare Sys.*, No. CV PX 15-2342, 2016 WL 4593470, at *3 (D. Md. 2 Sept. 2016).

A plaintiff can pursue a claim for employment discrimination pursuant to Title VII by producing either direct evidence or circumstantial evidence that raises a genuine issue of

material fact that an employer's actions were motivated by discriminatory intentions. *Rishel v. Nationwide Mut. Ins. Co.*, 297 F. Supp. 2d 854, 859-60 (M.D.N.C. 2003) ("To prove his claims, Plaintiff may rely on direct evidence, indirect evidence, or a combination of both direct and indirect evidence."). In the absence of direct evidence of animus based on sex, the court analyzes a claim of employment discrimination under the burden-shifting standard of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973) and its progeny. *Guessous v. Fairview Prop. Inv., LLC*, 828 F.3d 208, 216 (4th Cir. 2016). Under *McDonnell Douglas*, a Title VII plaintiff must show: "(1) she is a member of a protected class; (2) she suffered [an] adverse employment action; (3) she was performing her job duties at a level that met her employer's legitimate expectations at the time of the adverse employment action; and (4) the position remained open or was filled by similarly qualified applicants outside the protected class." *Simpson v. Amylin Pharm., Inc.*, 977 F. Supp. 2d 552, 562 (W.D.N.C. 2013) (citing *Miles v. Dell, Inc.*, 429 F.3d 480, 485 (4th Cir. 2005)).

On a motion to dismiss, however, a plaintiff need not make out all of the elements of a prima facie showing of discriminatory action. *Harris v. Housing Auth. Of Balt. Cty.*, No. WDQ-14-3395, 2015 WL 5083502, at *5 (D. Md. 26 Aug. 2015) ("To survive a motion to dismiss in an employment discrimination suit, plaintiffs need not allege facts establishing a prima facie case under the burden-shifting framework statement in *McDonnell Douglas*."). Instead, the complaint "must 'state a plausible claim for relief' that 'permits the court to infer more than the mere possibility of misconduct' based upon 'its judicial experience and common sense.'" *Reed v. Innovative Mgmt. Strategists, Inc.*, No. DKC-16-2442, 2017 WL 193528, at *3 (D. Md. 18 Jan. 2017) (quoting *Coleman v. Ct. of App. of Md.*, 626 F.3d 187, 190 (4th Cir. 2010)). "A plaintiff must allege a situation that is more than consistent with discrimination; it

13

must 'alone support a reasonable inference that the decisionmakers were motivated by [impermissible] bias." *Id.* (quoting *McCleary-Evans v. Md. Dep't of Transp.*, 780 F.3d 582, 585 (4th Cir. 2015)).

To show disparate treatment on the basis of pregnancy, a plaintiff must "allege facts sufficient to show that defendants discharged or otherwise discriminated against plaintiff 'because of' her 'pregnancy, childbirth, or related medical conditions.'" *Bray v. Town of Wake Forest*, No. 5:14-CV-276-FL, 2015 WL 1534515, at *5 (E.D.N.C. 6 Apr. 2015) (quoting 42 U.S.C. §§ 2000e(k), 2000e-2(a)(1)).

A claim for constructive discharge under Title VII requires that a plaintiff "plead (1) that the defendant created intolerable working conditions; and (2) that the defendants did so deliberately in an effort to force plaintiff to leave his employment." *Cash v. Magic City Motor Corp.*, No. 7:16-CV-00192, 2017 WL 281755, at *6 (W.D. Va. 20 Jan. 2017) (citing *Amirmokri v. Balt. Gas & Elec. Co.*, 60 F.3d 1126, 1132 (4th Cir. 1994)).

> "[I]ntolerability is not established by showing merely that a reasonable person, confronted with the same choices as the employee, would have viewed resignation as the wisest or best decision. . . . Rather, intolerability . . . is assessed by the objective standard of whether a reasonable person in the employee's position would have felt compelled to resign—that is, whether he would have had no choice but to resign." *Blistein v. St. John's College*, 74 F.3d 1459, 1468 (4th Cir. 1996) (citations omitted), *overruled on other grounds*, *Oubre v. Entergy Operations, Inc.*, 522 U.S. 422 (1998). "Deliberateness exists only if the actions complained of 'were intended by the employer as an effort to force the employee to quit.'" *E.E.O.C. v. Clay Printing Co.*, 955 F.2d 936, 944 (4th Cir. 1992) (quoting *Bristow*, 770 F.2d at 1255). "Thus, each claimant must [plead facts showing] that [the employer's] actions were specifically intended to force each claimant to quit." *Id.* (emphasis in original).

*Id.*

## II. ANALYSIS

### A. Title VII Claim

Here, plaintiff's complaint sufficiently sets forth a Title VII claim for disparate treatment because of plaintiff's pregnancy. When treated as true and viewed in the light most favorable to plaintiff, the well-pleaded allegations of the complaint track the elements of a Title VII claim, namely, membership of plaintiff in a protected class, adverse employment action against her, satisfactory job performance by her, and the filling of her position by a person outside the protected class.

Specifically, plaintiff was about five months pregnant, and thereby in a protected class, at the time she applied for a position of employment with defendants on 21 April 2015. Defendants' owner hired her two weeks later, on 5 May 2015, and she began working for defendants approximately three weeks after her hiring, on 27 May 2015. She was then about six months pregnant.

At the end of that day, a person in management (*i.e.*, Katie, defendants' Director) told plaintiff that everyone liked her and offered her a position in the classroom of a particular teacher (*i.e.*, Ms. Brooke). These facts indicate that plaintiff's performance was satisfactory.

The second day, 28 May 2015, plaintiff told the other teacher in response to the teacher's question that she was pregnant. Plaintiff was, in fact, showing outward signs of pregnancy at that time. The teacher, having confirmed that plaintiff was pregnant, urged defendants' owner to terminate plaintiff.

About lunchtime the following day, 29 May 2015, the owner had plaintiff terminated, thereby taking an adverse employment action against her. Specifically, he had defendants' Director, Katie, tell plaintiff that there were no positions available for her at that time. In fact,

15

there were positions available as demonstrated by defendants' advertising job openings around that time and continually thereafter through at least 22 June 2015. The Director confirmed the termination the following week, on 3 June 2015, by telling plaintiff in a telephone call that there still were no positions available to her, despite defendants' continued advertising of open positions, and offering to reimburse plaintiff for the nonreimburseable expenses she had incurred in the hiring process. Plaintiff's position was eventually filled by a person who was not pregnant.

If defendants were deemed not to have actually terminated plaintiff, they constructively terminated her by denying her work at the urging of the teacher to whose classroom she had been assigned after the teacher confirmed that plaintiff was pregnant, as previously discussed. The denial of work placed plaintiff in an intolerable position. She was, at least to some extent, an hourly worker (*see* Compl. 7 ¶ 9 (on 28 May 2015 she "clocked into work"); 9 ¶ 17 (the Director told plaintiff "there were no hours available for her")), and she had given up her prior job to accept employment with defendants (*see id.* 8 ¶ 12). Plaintiff was therefore in the position of having a job that was paying her a substantially reduced amount, if anything, while facing the expenses of the impending birth of a child.

Thus, plaintiff's allegations are sufficient to portray a situation that is more than consistent with discrimination and to create a reasonable inference that defendants' decisions were driven by discriminatory bias. Defendants' motions to dismiss plaintiff's Title VII claim pursuant to Rule 12(b)(6) should therefore be denied. *See Bray*, 2015 WL 1534515, at *6 (denying motion to dismiss claim under Title VII where plaintiff's allegations of discrimination on the basis of her pregnancy were sufficient).

In support of their motions, defendants allege in their briefs various purported facts, which All Starz Children's characterizes as "indisputable," including that all employees worked on an as-needed basis, hours were determined by seniority, every employee at All Starz Children's is female, a delay in the enrollment of new students resulted in its need for fewer teachers, management was never aware of plaintiff's pregnancy until receiving notice of the EEOC charge, and defendants believed that plaintiff resigned from her position. All Starz Children's' Mem. 3 n.1. Defendants contend that such purported facts are intended simply to provide the court with context, but not to convert the motion into one for summary judgment. *See id.*; All Starz Cary's Mem. 3 n.1. Regardless of the purported purpose for their assertion, these factual allegations are not appropriately before the court on the instant dismissal motions and the court has not considered them in analyzing defendants' Rule 12(b)(6) motions. For this and the other reasons stated, defendants' challenge to plaintiff's Title VII claim fails.

### B. Demand for Punitive Damages

Punitive damages are recoverable on Title VII claims in cases alleging intentional discrimination where the plaintiff demonstrates that the discriminatory practice was done with malice or reckless indifference to the plaintiff's federally protected rights, as plaintiff has alleged here. *Mohammed v. Cent. Driving Mini Storage, Inc.*, 128 F. Supp. 3d 932, 948 (E.D. Va. 2015) ("Punitive damages are available under Title VII only in cases where 'the complaining party demonstrates that the respondent engaged in a discriminatory practice or discriminatory practices with malice or reckless indifference to the federally protected rights of an aggrieved individual.'" (quoting 42 U.S.C. § 1981a(b)(1))). Defendants' request to separately dismiss plaintiff's demand for punitive damages is not proper. Punitive damages are generally not considered a separate cause of action subject to dismissal on a Rule 12(b)(6)

17

motion. *See Hamilton v. Boddie–Noell Enters., Inc.*, No. 2:14cv51, 2015 WL 751492, at *3 (W.D. Va. 23 Feb. 2015) ("'A Rule 12(b)(6) motion is a premature means to attack a request for punitive damages, at least where such damages are theoretically recoverable under the applicable law.'" (quoting *Debord v. Grasham*, No. 1:14CV00039, 2014 WL 3734320, at *1 (W.D. Va. 28 July 2014)); *Charles v. Front Royal Volunteer Fire & Rescue Dep't, Inc.*, 21 F. Supp. 3d 620, 631 (W.D. Va. 2014) (noting the impropriety of dismissing a party's request for punitive damages on a Rule 12(b)(6) motion); *Downs v. Winchester Med. Ctr.*, 21 F. Supp. 3d 615, 620 (W.D. Va. 2014) ("In short, the question of punitive damages is not properly addressed on a motion to dismiss."); *Rathbone v. Haywood Cty.*, No. 1:08cv0117, 2008 WL 2789770, at *1 (W.D.N.C. 17 July 2008) (noting that punitive damages are not an independent cause of action and are properly included in prayer for relief where claim permits the recovery of punitive damages).

### C. Demand for Emotional Distress Damages

Defendants' request that plaintiff's demand for emotional distress damages be dismissed is meritless. Rule 12(b)(6) is intended to dismiss claims in their entirety and "is not available to dismiss only a demand for relief." *Meeks v. Emiabata*, No. 7:14CV00534, 2015 WL 1636800, at *3 (W.D. Va. 13 Apr. 2015). Defendants' request that plaintiff's demand for emotional distress damages be dismissed should therefore be denied. The court having already determined that plaintiff's claim itself and her demand for punitive damages should not be dismissed, the motions by All Starz Children's and All Starz Cary under Rule 12(b)(6) should be denied in their entirety.

18

## PLAINTIFF'S CONDITIONAL MOTION TO AMEND

As noted, plaintiff's motion to amend the complaint is conditioned on the court's finding defendants' dismissal motions to be meritorious.[3] Because the court finds the dismissal motions not to be meritorious, the motion to amend is moot. It will therefore be recommended that plaintiff's conditional motion to amend be denied as such.

## CONCLUSION

For the foregoing reasons, IT IS RECOMMENDED that the court enter an order providing that:

(1) All Starz Cary's motion pursuant to Rule 12(b)(1) (D.E. 21) be DENIED;

(2) All Starz Cary's (D.E. 21) and All Starz Children's' (D.E. 19) motions pursuant to Rule 12(b)(6) be DENIED; and

(3) plaintiff's conditional motion to amend (D.E. 26) be DENIED AS MOOT.

IT IS DIRECTED that a copy of this Memorandum and Recommendation be served on the respective parties or, if represented, their counsel. Each party shall have until 28 February 2017 to file written objections to the Memorandum and Recommendation. The presiding district judge must conduct her own review (that is, make a de novo determination) of those portions of the Memorandum and Recommendation to which objection is made and may accept, reject, or modify the determinations in the Memorandum and Recommendation; receive further evidence; or return the matter to the magistrate judge with instructions. *See, e.g.,* 28 U.S.C. §

---

[3] Pursuant to Rule 15, plaintiff could have amended her complaint as of right within 21 days of the filing of defendants' Rule 12 motions. Fed. R. Civ. P. 15(a)(1)(B) ("A party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier."). Instead, plaintiff opted to respond substantively to the dismissal motions and separately conditionally move for leave to amend.

636(b)(1); Fed. R. Civ. P. 72(b)(3); Local Civ. R. 1.1 (permitting modification of deadlines specified in local rules), 72.4(b), E.D.N.C.

**If a party does not file written objections to the Memorandum and Recommendation by the foregoing deadline, the party will be giving up the right to review of the Memorandum and Recommendation by the presiding district judge as described above, and the presiding district judge may enter an order or judgment based on the Memorandum and Recommendation without such review. In addition, the party's failure to file written objections by the foregoing deadline will bar the party from appealing to the Court of Appeals from an order or judgment of the presiding district judge based on the Memorandum and Recommendation.** *See Wright v. Collins*, 766 F.2d 841, 846-47 (4th Cir. 1985).

Any response to objections shall be filed within 14 days after filing of the objections.

This 14th day of February 2017.

James E. Gates
United States Magistrate Judge