IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:16-CV-141-FL

| | |
|---|---|
| BRENNA M. SATTERWHITE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | ORDER |
| ALL STARZ CHILDREN'S ACADEMY, ) | |
| INC.; ALL STARZ CARY, INC., ) | |
| ) | |
| Defendants. ) | |

This matter is before the court upon motion to dismiss for failure to state a claim filed by defendant All Starz Children's Academy, Inc. ("All Starz Children's") (DE 19); motion to dismiss for failure to state a claim and lack of subject matter jurisdiction filed by defendant All Starz Cary, Inc. ("All Starz Cary") (DE 21); and plaintiff's conditional motion for leave to amend (DE 26). Pursuant to 28 U.S.C. § 636(b)(1)(B), United States Magistrate Judge James E. Gates entered a memorandum and recommendation ("M&R") wherein it is recommended that the court deny defendants' motions and deny as moot plaintiff's motion. No objections were filed.

Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. See Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). In this case, upon careful review of the M&R and the record in this matter, the court adopts as its own the recommendation in the M&R.

As correctly determined in the M&R, plaintiff has stated a Title VII claim for disparate treatment because of plaintiff's pregnancy, where she allegedly is a member of a protected class, adverse employment action was taken against her, she had satisfactory job performance, and her position was filled by someone outside the protected class. See Miles v. Dell, Inc., 429 F.3d 480, 485 (4th Cir. 2005); 42 U.S.C. § 2000e(k) (establishing pregnancy as a protected class). In addition, plaintiff properly has named All Starz Cary as a defendant, even though it was not named along with All Starz Children's in the administrative charge of discrimination, because of alleged facts establishing that All Starz Cary is substantially identical to All Starz Children's. See Alvarado v. Bd. of Trustees of Montgomery Cmty. Coll., 848 F.2d 457, 458 (4th Cir. 1988). Finally, the M&R correctly determined that plaintiff's demand for punitive damages and emotional distress damages properly are not subject to dismissal at this juncture in the case. Accordingly, defendants' motions to dismiss must be denied and plaintiff's conditional motion to amend must be denied as moot.

## CONCLUSION

Based on the foregoing, the court ADOPTS the M&R and DENIES defendants' motions to dismiss (DE 19, 21). Plaintiff's conditional motion to amend (DE 26) is DENIED. The clerk is DIRECTED to continue management of this matter. An initial order regarding planning and scheduling will follow.

SO ORDERED, this the 13th day of March, 2017.

_____
LOUISE W. FLANAGAN
United States District Judge